IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID J. ANNARELLI,           ) | |
|     Petitioner,           ) | Civil Action No. 7:23cv00308 |
|                ) | |
| v.           ) | |
|                ) | By: Elizabeth K. Dillon |
| HAROLD CLARKE, *et al*,           ) |     United States District Judge |
|     Respondents.           ) | |

**OPINION AND ORDER**

David J. Annarelli, a Virginia inmate proceeding *pro se*, has filed a civil action he has titled as a "habeas petition," which the court construes as a petition for habeas corpus pursuant to 28 U.S.C. § 2254. In it, he challenges his conviction in the Floyd County Circuit Court for malicious wounding of a police officer in violation of Virginia Code § 18.2-51.1,[1] and he claims that the petition is a "notice of appeal" to this court from the recent decision of the Supreme Court of Virginia, which denied his latest state habeas petition as untimely. *See Annarelli v. Clarke*, No. 22-0446 (May 5, 2023) (order denying petition for habeas corpus).

Just as the court has dismissed prior § 2254 petitions by Annarelli as successive petitions, his petition here also must be dismissed. As this court repeatedly has advised Annarelli, where a habeas petitioner has already had one § 2254 petition adjudicated on its merits and dismissed, this court cannot consider a second or subsequent § 2254 petition unless the Fourth Circuit Court of Appeals has authorized a subsequent petition in advance, as required by 28 U.S.C. § 2244(b). *E.g.*, *Annarelli v. Clarke*, Nos. 7:21-cv-00337 & 7:21-cv-00356, 2021 WL 2870720, at *2–3 (W.D. Va. July 8, 2021) (setting forth summary of Annarelli's criminal case and first § 2254

---

[1] Annarelli does not explicitly identify the conviction he is challenging, but the malicious wounding conviction in Floyd County is the offense for which he is in custody. Moreover, the court is certain that is the offense he is challenging based on the context of the claims in his petition and the court's knowledge of Annarelli's prior petitions.

petition and dismissing two others as successive); *Annarelli v. Clarke*, No. 7:20-CV-00025, 2021 WL 4524193, at *2 (W.D. Va. Oct. 4, 2021) (construing challenges to custody and to the same conviction as a § 2254 petition and dismissing it as a successive petition filed without authorization from the Fourth Circuit). Annarelli provides no evidence that he has sought or received such permission. As a result, the court lacks jurisdiction over Annarelli's petition, and it must be dismissed without prejudice.

Annarelli insists in his petition that he is relying on "new evidence" that he has found only through the prosecution of his prior habeas corpus cases. (Pet. 7–8, Dkt. No. 1.) It appears that he may by arguing that he should be entitled to proceed in a successive § 2254 petition under § 2244(b)(2), which allows a court of appeals to grant authorization to file a successive § 2254 petition where the petitioner asserts claims based on either: "(1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense." *Easter v. Johnson*, 276 F. App'x 347, 348 (4th Cir. 2008) (citing 28 U.S.C. § 2244(b)(2)).

To the extent Annarelli's petition was intended to be a request for preauthorization, however, it has been filed with the wrong court. Preauthorization can come only from the Circuit Court of Appeals. 28 U.S.C. § 2244(b).

For the reasons stated, it is hereby ORDERED that Annarelli's petition is DISMISSED WITHOUT PREJUDICE as an unauthorized successive § 2254 petition. Further, the court concludes that Annarelli has failed to make a substantial showing of the denial of a constitutional

right as required by 28 U.S.C. § 2253(c)(1), the court hereby DENIES Annarelli a certificate of appealability.  All pending motions are DENIED AS MOOT.

The Clerk is directed to send copies of this opinion and order to Mr. Annarelli.

Entered: June 6, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge